UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SABRINA W.[1]     PLAINTIFF

V.     CIVIL ACTION NO. 3:18-CV-233-ASH

COMMISSIONER OF SOCIAL SECURITY     DEFENDANT

ORDER

This matter is before the Court on Defendant Commissioner of Social Security's Motion to Vacate the Remand Order and Reopen and Re-docket the Case [47]. Having considered the applicable law, the Court grants the motion.

I.     Background

On September 30, 2019, the Court remanded this case under sentence six of 42 U.S.C. § 405(g). Order [31]. On the same date, the Court also issued an order of dismissal without prejudice. Order [32].

Before the Commissioner rendered a final decision following the remand order, pro se Plaintiff Sabrina W. filed four motions: a Motion for Contempt of Court [35], an Amended Motion for Contempt of Court [39], another Amended Motion for Contempt of Court [41], and a Motion for Hearing [42]. On September 14, 2022, the Court denied each motion. Order [45].

On April 25, 2024, the ALJ issued an unfavorable decision. R. at 1191 (Tr. 2 [47-2] at 5). On October 28, 2024, the Commissioner filed the present motion to vacate and reopen the case, along with a certified copy of the transcript of the administrative record. The Commissioner

---

[1] Consistent with guidance from the Judicial Conference's Committee on Court Administration and Case Management regarding privacy concerns in Social Security cases, the undersigned identifies the plaintiff only by first name and last initial.

stated Sabrina W. opposed the motion, *see* Mot. [47] at 3, and on December 13, 2024, she filed her response.

II.     Standards

A district court may remand to the Appeals Council in only two scenarios, referred to as sentence-four and sentence-six remands. *Shalala v. Schaefer,* 509 U.S. 292, 296-97 (1993). A sentence-four remand authorizes a district court to enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (citing 42 U.S.C. § 405(g)). A sentence-six remand, however, "does not rule in any way as to the correctness of the administrative decision." *Id.* Because the Court makes no substantive ruling, no final judgment exists until *after* the Commissioner returns to the district court to file "additional or modified findings of fact and decision." 42 U.S.C. § 405(g).

A sentence-six remand occurs either "(1) on [a] motion of the Agency for good cause before the Agency's answer has been filed, or (2) for consideration of additional evidence upon a showing that the evidence is new and material, and that good cause exists for the claimant's failure to present the evidence earlier." *McKenzie v. Astrue*, 442 F. App'x. 161, 162 (5th Cir. 2011) (citing *Melkonyan*, 501 U.S. at 100 n.2).

III.     Analysis

The Court's September 30, 2019 Order constituted a sentence-six remand. The Court concluded as follows: "For the reasons discussed in this Order, the Commissioner's decision is remanded for further consideration, pursuant to Sentence 6 of 42 U.S.C. § 405(g)."[2] Order [31] at

---

[2] Because the Court could not conclude whether the Appeals Council's rejection of Sabrina W.'s medical records was based on substantial evidence, the Court remanded the case "for further consideration of the evidence." Order [31] at 5-6.

6. Given that the Court retains jurisdiction pending the completion of post-remand proceedings, *see Shalala*, 509 U.S. at 298, the Commissioner is correct in returning to this Court post-remand to file the required record. Because the case remained administratively closed following the order of dismissal, the Court finds the Commissioner's motion to reopen proceedings appropriate.

Sabrina W. argues that this motion is "a ploy to scapegoat [the Commissioner's] egregious, wanton, and wrongful derailment" of a "FULLY FAVORABLE Decision." Resp. [48] at 4. In her response, Sabrina W. attaches as exhibits her objections to the Appeals Council and Appellate Office concerning the ALJ's unfavorable April 2024 decision. But she fails to recognize that by granting the Commissioner's motion, the Court would reopen her case and evaluate her claims in light of additional evidence following post-remand proceedings.

IV.     Conclusion

The Court therefore grants the Commissioner's Motion to Vacate the Remand Order and Reopen and Re-docket the Case [47]. The Court will separately enter a scheduling and briefing order.

IT IS, THEREFORE, ORDERED that the Clerk of Court is directed to reopen this case and return it to active status.

IT IS FURTHER ORDERED that the Commissioner shall separately file on the Court's docket the Administrative Record by May 12, 2025.

**SO ORDERED AND ADJUDGED** this the 5th day of May, 2025.

                                             s/ *Andrew S. Harris*
                                             UNITED STATES MAGISTRATE JUDGE